KATHRYN KENEALLY
Assistant Attorney General

COLIN C. SAMPSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:      (202) 514-6062
Facsimile:       (202) 307-0054
E-Mail:           Colin.C.Sampson@usdoj.gov

JOHN S. LEONARDO
District of Arizona
United States Attorney
*Of Counsel*

*Counsel for the United States*

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GORDON L. HALL; RANDALL S. ULMER; PRESIDIO CIRCLE, LLC; THOMAS FAMILY TRUST; AJW INVESTMENTS, LLC; and CITY OF MESA, ARIZONA,<br><br>Defendants. | Civ. No.   2:13-cv-02312-JWS<br><br>**UNITED STATES' MOTION TO DISMISS DEFENDANT GORDON L. HALL'S "COUNTERCLAIM" (DOC. NO. 31)** |

The United States, by and through undersigned counsel, hereby submits this Motion to Dismiss Defendant Gordon L. Hall's "Counterclaim" (Doc. No. 31) for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**1.   Background.**

On November 13, 2013, the United States filed a Complaint in this matter, seeking to reduce to judgment assessed but unpaid federal income taxes for 1996 and 1997 against Defendant Gordon Hall, to foreclose the United States' Federal Tax Liens against a parcel of real estate located in Mesa, Arizona and held by nominees, alter egos, and fraudulent transferees of Mr. Hall, and to avoid sham deeds of trust encumbering the Subject Property. *See* Dkt. No. 1.

After the Court struck prior pleadings filed by Mr. Hall for failing to comply with Fed. R. Civ. P. 8(b), Defendant Gordon Hall filed an "Answer" and counterclaim. *See* Doc. No. 31. Defendant's "Counterclaim" seeks to settle his tax liabilities with certain documents that Mr. Hall argues should be accepted as valid payment by the United States. *See* Counterclaim, Doc. No. 31, p. 4, ¶ 1. Presumably, these documents are the same 80 pages attached to the Answer and Counterclaim that the Court previously struck. *See* Doc. Nos. 13, 14. Defendant and Counter Claimant Hall further asks the Court for forgiveness and expresses his intent to negotiate with the United States at some point in the future. *See* Counterclaim, ¶¶ 2-6. To be clear, Defendant and Counter Claimant has not paid the United States.

**1.    Legal Standard**

In order to establish subject matter jurisdiction in an action against the United States, there must be: (1) "statutory authority vesting a district court with subject matter jurisdiction"; and (2) "a waiver of sovereign immunity." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). Even where statutory authority vests the district courts with subject matter jurisdiction, the United States cannot be sued unless it has expressly consented to be sued. *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1087–88 (9th Cir. 2007). Waivers of sovereign immunity cannot be implied, must be unequivocally expressed, and are to be strictly construed in favor of the sovereign. Id. at 1088. The burden is on the party bringing the action against the United States to establish both elements of subject matter jurisdiction; where it has failed to do so, "dismissal of the action is required." *Id.*

As sovereign, the United States is immune from suit except where it has expressly consented to suit. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). And the terms of its consent define the court's jurisdiction to hear the suit. *United States v. Testan*, 424 U.S. 392, 399 (1976). This waiver of sovereign immunity must be unequivocally expressed and cannot be implied. *Mitchell*, 455 U.S. at 538. If sovereign

immunity has not been waived, the suit must be dismissed.  *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982).

Statutory waivers of sovereign immunity are to be strictly construed against such surrender.  *See San Juan County, Utah v. United States*, 503 F.3d 1163, 1212 (10th Cir. 2007).  Thus, any suit that is brought must be in strict compliance with the terms of the statute.  *See Sherwood*, 312 U.S. at 590.  Moreover, in an action instituted by the United States, a counterclaim pursuant to Fed. R. Civ. P. 13 can be interposed only when the Government has waived its immunity from suit on the claim.  Fed. R. Civ. P. 13(d); *United States v. Shaw*, 309 U.S. 495, 500 (1940); *United States v. Agnew*, 423 F. 2d 513, 514 (9th Cir. 1970); *United States v. Longo*, 464 F.2d 913, 916 (8th Cir. 1972).  The counterclaimant bears the burden of establishing both jurisdiction and a waiver of sovereign immunity.  *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

Federal courts have firmly rejected the theory that the United States government has broadly waived sovereign immunity by initiating suit.  *United States v. $277,000 U.S. Currency and One 1986 Dodge Ram Charger*, 69 F.3d 1491, 1493 (9th Cir. 1994); *United States v. Finn*, 239 F.2d 679, 682-83 (9th Cir.1956); *United States v. Forma*, 42 F.3d 759, 764 (2nd Cir. 1994).  Rule 13 of the Fed. R. Civ. P. expressly preserves the doctrine of sovereign immunity by limiting the types of counterclaims that can be asserted against the federal government.  Fed. R. Civ. P. 13(d) ("[t]hese rules do not expand the right to assert a counterclaim – or to claim a credit – against the United States or a United States officer or agency").

### 2. Gordon Hall Has Not Alleged A Valid Waiver of Subject-Matter Jurisdiction.

Defendant and Counter Claimant Gordon Hall has not alleged any waiver of the United States' sovereign immunity.  Although unclear, Mr. Hall's pleading appears to ask the Court to accept his documents as a form of valid payment of his tax debts and, possibly, to require the United States to settle with him on that basis or otherwise credit him with payment of that tax debt.  *See* Counter Claim, Doc. No. 31, pp. 4-5.  Hall has

utterly failed to allege any waiver, statutory or otherwise, which would allow the Court to entertain this counterclaim against the United States.

Boiled to its essence, the Counterclaim seeks to restrain the United States from collecting his unpaid taxes through judicial foreclosure and requiring the United States to accept his frivolous documents as valid payment, despite the requirement that payment be by "commercially acceptable means." *See* 26 U.S.C. § 6311(a).  The Anti-Injunction Act expressly bars the relief sought by Defendant's Counterclaim.  The Anti-Injunction Act, 26 U.S.C. § 7421(a), bars all suits "for the purpose of restraining the assessment or collection of any tax." Bright v. Bechtel, 780 F. 2d 766, 770 (9th Cir. 1986).  In this case, by requesting any form of injunctive order or declaration from the Court, Gordon Hall appears to be attempting to invalidate any liens or other collection efforts taken by the United States.  Because the Anti-Injunction Act expressly prohibits such relief, the Court may not grant any injunctive relief presumably sought by Defendant's Counterclaim, and the Counterclaim should be dismissed in its entirety.

Wherefore, the United States respectfully requests an Order from the Court dismissing, for lack of subject-matter jurisdiction, the Counterclaim filed by Gordon L. Hall.  *See* Counterclaim, Doc. No. 31, pp. 4-5.

Respectfully submitted this 12th day of February, 2014.

        KATHRYN KENEALLY
        Assistant Attorney General

        */s Colin C. Sampson*
        COLIN C. SAMPSON
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683, Ben Franklin Station
        Washington, DC 20044-0683
        Tel: (202) 514-6062
        Fax: (202) 307-0054
        Colin.C.Sampson@usdoj.gov
        *Of Counsel*:
        JOHN S. LEONARDO
        United States Attorney
        District of Arizona

        *Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the following:

1. **UNITED STATES' MOTION TO DISMISS DEFENDANT GORDON L. HALL'S "COUNTERCLAIM" (DOC. NO. 31); and**

2. **CERTIFICATE OF SERVICE**

was made this 12th day of February, 2014, by depositing copies in the United States mail at Washington, D.C., postage paid, addressed to the following:

**Gordon L. Hall**
950 California Avenue
Spartanburg, SC 29303

**Arthur Lindquist-Kleissler**
**Lindquist-Kleissler & Company, LLC**
950 S. Cherry Street, Ste. 510
Denver, Colorado 80246
*Attorney for Defendant AJW Investments, LLC*

**Patrick J. Davis**
**David M. LaSpaluto**
Fidelity National Law Group
2355 East Camelback Road, Ste. 900
Phoenix, Arizona 85016
*Attorneys for Defendant Randall S. Ulmer*

**Thomas Family Trust**
2036 N. Gilbert Road, Ste. 2-604
Mesa, Arizona 85213

**Alfred J. Smith**
P.O. Box 1466
Mesa, Arizona 85211
*Attorney for City of Mesa, Arizona*

**Presidio Circle, LLC**
3546 E. Presidio Circle
Mesa, Arizona 85213

By:  */s Colin C. Sampson*
COLIN C. SAMPSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC 20044-0683